AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California



FILED
SEP 2 6 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information associated with cellular telephone assigned # 323-629-7197 IMEI # 357603090108689 stored at premises controlled by T-Mobile

Case No. 19MJ4188

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, which is incorporated by reference.

located in the _____ District of ____New Jersey____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-1, which is incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC § 952/960/963 | Importation and conspiracy to import a controlled substance |

The application is based on these facts:
See Affidavit of Homeland Security Investigations Special Agent Miriam Marcais, which is hereby inorporated by reference and made part hereof.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Miriam Marcais, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/26/2019

*Judge's signature*

City and state: San Diego, CA

F.A. Gossett, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANTS

I, Miriam Marcais, being duly sworn, state as follows:

1. This affidavit is in support of an application by the United States of America for a search warrant for **T-Mobile**, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07504, and **Sprint Corp.**, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251, to search the account associated with the following cellular telephone numbers:

   a. Phone # 323-629-7197, IMEI # 357603090108689 (T-Mobile), as described in Attachment A-1; and

   b. Phone # 619-547-3280 (Sprint Corp.), as described in Attachment A-2,

(collectively the "subject accounts") for subscriber information, telephone toll data, and cell-site geolocation data from September 12, 2018 to September 22, 2018. There is probable cause that these records and information constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, violations of Title 21, United States Code, Sections 952, 960, and 963, as described in Attachments B-1 and B-2. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, **T-Mobile** and **Sprint Corp.** provide electronic communication services in the form of cellular and wireless telephone service for the subject accounts.

## EXPERIENCE & TRAINING

2. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since November 2009. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am a graduate of the Criminal Investigator Course and Immigration and Customs Enforcement, Special Agent Training

Program at the Federal Law Enforcement Training Center. I have a Master's Degree in International Relations from the University of Chicago and a Bachelor's Degree in Political Science from Virginia Wesleyan College. I am presently assigned to the national security group in San Diego, CA. My duties include investigating the illicit trafficking of controlled substances into the United States of America. I am also cross designated by the United States Drug Enforcement Administration ("DEA") to conduct narcotics investigations and enforce the provisions of the Federal Controlled Substance Act.

3. As an HSI Special Agent, my duties include investigating the illegal importation and trafficking of controlled substances. I have received training in investigating various controlled substances, including the importation of controlled substances and controlled substance trafficking. I have also had training in the methods used by controlled substance traffickers to import and distribute drugs and to operate detailed distribution networks. Since becoming an HSI Special Agent, I have been involved in over one hundred narcotics trafficking investigations involving the importation, distribution and sale of large quantities of controlled substances. I have also worked with and conferred with other agents with extensive experience in narcotics smuggling investigations. In the course of my duties, I have worked as the case agent, directing specific drug-related investigations; I have worked as a co-case agent, assisting in the investigation of drug-related investigations, I have worked as a surveillance agent and observed and recorded movements of individuals trafficking in drugs and of those suspected of trafficking in drugs; I have participated in the execution of search warrants; I have initiated and conducted international and domestic controlled deliveries of narcotics, I have initiated and executed numerous arrests for drug-related offenses, including possession with the intent to distribute and the importation of controlled substances; and I have interviewed defendants, witnesses and informants relating to the illegal trafficking of controlled substances. Through my observations and these interviews, I have gained a working knowledge and insight into the normal operational

habits of narcotics smugglers, with particular emphasis on those who attempt to import narcotics into the United States from Mexico at the San Diego international ports of entry.

4. Through the course of my training, investigations and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involving narcotics smuggling generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names and contact information for co-conspirators, photographs, text messages, emails, messages from text messaging cell phone applications such as WhatsApp, social networking messages, and videos reflecting co-conspirators or illegal activity.

5. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations. The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. Dates, times, and amounts are approximate.

//
//
//
//

AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANTS

-3-

## STATEMENT OF PROBABLE CAUSE

6. On September 22, 2018, at approximately 02:05 hours, Peter ALONZO, a United States citizen, and Pedro ALONZO RAMIREZ, a lawful permanent resident, applied for entry into the United States from Mexico through the Otay Mesa, California, Port of Entry (OTM POE) in the vehicle lanes. Peter ALONZO was the driver and registered owner of a grey 2017 Nissan Sentra bearing California license plates 7XUP053 ("the vehicle"). Pedro ALONZO RAMIREZ was the passenger in the vehicle and the son of Peter ALONZO.

7. U.S. Customs and Border Protection Officer ("CBPO") A. Ackley conducted the primary inspection of Peter ALONZO, Pedro ALONZO RAMIREZ, and the vehicle. Peter ALONZO told CBPO Ackley that his intended destination within the United States was Los Angeles, California. Peter ALONZO gave two negative customs declarations to CBPO Ackley. CBPO Ackley inspected the vehicle and observed a rectangular shaped package concealed in the left rear quarter panel area of the trunk. The vehicle was referred to secondary for further inspection.

8. A Canine Enforcement Officer screened the vehicle with his Narcotics Detection Dog, who alerted to a trained odor emitting from the seam of the trunk of the vehicle. The vehicle was screened by x-ray machines and anomalies were noticed inside the driver's side quarter panels of the vehicle.

9. During the secondary inspection of the vehicle, CBPO Gaspar removed a total of eleven (11) packages from the left rear quarter panel, the contents of which contained a white powdery substance that field tested positive for cocaine. The combined weight of the packages was approximately 13.36 kilograms (29.39 pounds).

10. Officers placed Peter ALONZO and Pedro ALONZO RAMIREZ under arrest for violating Title 21 United States Code, Sections 952 and 960, Unlawful Importation of a Controlled Substance. Peter ALONZO and Pedro ALONZO RAMIREZ have been charged with importation of a controlled substance (cocaine) in violation of

-4-

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANTS

Title 21, United States Code sections 952 and 960 in the Southern District of California in case number 18-CR-4436-JAH. On September 10, 2019, an Indictment was filed in case number 19-CR-3562-JAH charging both defendants with conspiracy to import and importation of cocaine. A trial is set before the Honorable John A. Houston on November 12, 2019.

11. On September 22, 2018, post arrest, Peter ALONZO waived his *Miranda* rights and stated that his son Pedro ALONZO RAMIREZ called him at midnight asking for a ride to Los Angeles, California. Peter ALONZO stated that he was going to Figueroa Street in Los Angeles. Peter ALONZO stated that he had been giving Pedro ALONZO RAMIREZ rides into the United States for work for approximately one week because his son's car wasn't working.

12. Based on the information obtained from his employer, Pedro ALONZO RAMIREZ last worked as a subcontractor doing remodel and handyman projects in the North County area of San Diego in the beginning of September 2018. According to his employer's records, Pedro ALONZO RAMIREZ's last paycheck was on September 8, 2018.

13. Defendants' crossing history indicates that in the week prior to their arrest, Peter ALONZO and Pedro ALONZO RAMIREZ crossed in the vehicle from Mexico into the United States together on September 13, September 17, and September 20, 2018.

14. At the time of their arrest, Pedro ALONZO RAMIREZ was in possession of two cellular phones, and Peter ALONZO was in possession of two cellular phones. Officers seized all four cellular phones incident to their arrest, which included the two phones that are the subject of this search warrant affidavit. On January 18, 2019, I applied for, and Magistrate Judge Linda Lopez signed warrants authorizing to the search of all four phones seized from defendants. *See* 19MJ0254; 19MJ0255; 19MJ0256; and 19MJ0257.

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANTS

-5-

15. On the personal history report, Peter ALONZO identified his phone number as 323-629-7197. A search of one of the phones seized from Peter ALONZO and downloaded pursuant to the search warrant issued in 19MJ0255, a black LG phone, revealed that the phone number assigned to it was 323-629-7197. **T-Mobile** is the service provider for this phone number.

16. Pedro ALONZO RAMIREZ identified his phone number as 619-547-3280 on the personal history report. **Sprint Corp.** is the service provider for this phone number.

17. Crossing records maintained by the Department of Homeland Security (TECS records) indicate that on September 13, 2018 (nine days before the arrest above), at 0604 hours (all times below refer to San Diego time), both defendants entered the United States through the Otay Mesa Port of Entry in the Sentra.

18. The same records, the searches of the phones, and receipts later found among the defendants' belongings indicate that on September 17, 2018, at 01:26 hours, a Mexican phone used by Pedro ALONZO RAMIREZ (Pedro-M) received a 17 second call from a Mexican phone number (M-1). At 03:02 hours on September 17, 2018, both defendants entered the United States through the OTM POE in the Sentra. At 06:12 hours, Pedro-M called M-1 for 34 seconds. According to the receipts, at 07:17 hours, someone checked the balance of two cards at an ATM machine in Palmdale, California. At 07:22 hours, someone purchased gas from a station also in Palmdale. Palmdale is about a 3- to 4-hour drive (approximately 189 miles) from the OTM POE, depending on traffic, route, and exact destination. At 07:24 hours, Pedro-M called M-1 for 50 seconds. At 10:24 hours, the Sentra re-entered Mexico through the OTM POE. At 10:27, 10:30, and 10:31 hours, there were additional calls between Pedro-M and M-1, none more than 34 seconds. There was no other contact that day between the two phones. Based on the circumstances above and below (including the almost immediate turnaround from a lengthy trip to Palmdale and the short duration of the calls between Pedro-M and M-1), I

believe the defendants delivered a drug load to Palmdale, and the user of M-1 coordinated the delivery.

19. The same records and data indicate that on September 20, 2018, at 02:43 hours, both defendants entered the United States through the OTM POE in the Sentra. From 06:04 hours to 11:16 hours, there were five calls between Pedro-M and M-1, none longer than 1 minute and 18 seconds. At 11:40 hours, the Sentra returned to Mexico through the OTM POE. At 12:28 hours, Pedro-M called M-1 for 1 minute and 40 seconds. There was no other contact that day between the two phones. Based on the circumstances, I believe the defendants delivered a drug load to a location in the United States, and the user of M-1 coordinated the delivery.

20. On September 21, 2018, at 16:10 hours, M-1 unsuccessfully tried to call Pedro-M. At 16:14 hours, Pedro-M received a What's App instant message from 5216647590944@s.whatsapp.net. The phone number for M-1 is 664-759-0944 (and 52 is the international country code for Mexico), so I believe the user of M-1 sent the What's App message. Translated from Spanish, the message was addressed to "Pedro" and said in substance "confirm for tomorrow, we are a little busy." At 18:02 hours, M-1 unsuccessfully tried to call Pedro-M. At 18:10 hours, the same What's App account sent an instant message to Pedro-M that, translated from Spanish, said in substance "would be all the same for tomorrow." At 18:24 hours, Pedro-M called M-1 for 1 minute and 9 seconds. I believe Pedro ALONZO called M-1 to confirm they would transport another drug load "tomorrow," which referred to the cocaine seized above on September 22, 2018.

21. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that **T-Mobile** and **Sprint Corp.** routinely collect and store data for the electronic communication accounts to which they and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing

1 telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

22. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

    a. I also know that different providers use the speed with which signals travel between cell phones and cell towers ("per call measurement data," or "PCMD"), as well as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, AT&T has referred to the resulting location information as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and T-Mobile, as "timing advance" data.

23. This application requests such per call measurement data (by whatever name the provider uses) for the subject accounts for the following date and time range: September 12, 2018, 07:00 a.m. UTC through September 22, 2018, 11:00 a.m. UTC. Location data during this time period will help establish more specifically where the defendants' U.S.-serviced phones were located during the events above.

24. Given these facts, I seek warrants to search the subject accounts for the records and information in Attachments B-1 and B-2.

//
//
//
//

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANTS

-8-

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

25. The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

_(signature)_
MIRIAM MARCAIS
HSI Special Agent

Subscribed and sworn to before me this __26__ day of September 2019

_(signature)_
F.A. GOSSETT
U.S. MAGISTRATE JUDGE

-9-
AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANTS

## ATTACHMENT A-1

T-Mobile hosts the electronic communication account associated with the telephone number 323-629-7197, IMEI # 357603090108689, that is the subject of this search warrant and search warrant application (the "subject account").

T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, New Jersey 07504.

## ATTACHMENT B-1

**I.** Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A-1, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.** Items to be Seized

Agents shall seize the following records, data, and information covering September 12, 2018 07:00 am UTC to September 22, 2018, 11:00 am UTC and maintained by the Provider for the subject account identified in Attachment A-1:

a. Subscriber information, including:
   i. Names;
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities; and
   viii. Means and source of payment (including any credit card or bank account number) and billing records.

## ATTACHMENT A-2

Sprint Corp. hosts the electronic communication account associated with the telephone number 619-547-3280 that is the subject of this search warrant and search warrant application (the "subject account").

Sprint Corp. is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 6480 Sprint Parkway, Overland Park, Kansas 66251.

## ATTACHMENT B-2

**I.** Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A-2, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.** Items to be Seized

Agents shall seize the following records, data, and information covering September 12, 2018 07:00 am UTC to September 22, 2018, 11:00 am UTC, and maintained by the Provider for the subject account identified in Attachment A-2:

a. Subscriber information, including:
   v. Names;
   vi. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   vii. Local and long distance telephone connection records;
   viii. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   ix. Length of service (including start date) and types of service utilized;
   x. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   xi. Other subscriber numbers or identities; and
   xii. Means and source of payment (including any credit card or bank account number) and billing records.

  b. Records and other information about past wire or electronic communications sent or received by the subject account, including:
     xiii. the date and time of the communication;
     xiv. the method of the communication;
     xv. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; and
     xvi. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications;

which are evidence of violations of 21 U.S.C. § 952, 960 and 963 (importation and conspiracy to import controlled substances).